STATE OF MAINE                                    SUPERIOR COURT
                                                    CIVIL ACTION
YORK, ss.                                      DOCKET NO. AP-08-038
                                               PA F-

JENNIFER MOSS,

              Plaintiff

       v.                              **ORDER AND DECISION**

COMMISSIONER, MAINE DEPT. OF
HEALTH AND HUMAN SERVICES,

              Defendant

       Jennifer Moss, a divorced mother of three minor children, received a notice dated

January 22, 2008 which stated that, "The Maine Department of Human Services, Bureau

of Child and Family Services, has substantiated you for abuse or neglect of ..." your

three children.  The alleged abuse or neglect was based on the relationship that Ms.

Moss formerly had with a David Oakes, who had a federal conviction for the possession

of child pornography, was required to register as a sex offender and who was

prohibited from having any contact with children without his federal probation officer's

approval.  The State was particularly concerned that Ms. Moss had left her children, one

born in 1996 and twins born in 1998, in the care of Mr. Oakes while she attended classes

on Wednesday evenings and for occasional shorter periods.

       The Department did not seek to remove the children from Ms. Moss as the

relationship with Mr. Oakes had been terminated and as no actual abuse had taken

place.  A finding of "substantiation", however, has severe consequences for people like

Ms. Moss who has been working toward a degree in social work and hopes to work

with children. Such a finding is very likely to result in her inability to obtain employment since the finding of substantiation would be kept in a database. Prospective employers could ask Ms. Moss for permission to have access to information in the database concerning her. If she refused to sign a release she would be suspect. If she did sign a release she probably would not be hired.

Following the receipt of the January 22, 2008 notice, Ms. Moss requested and received an administrative hearing. Attorney Jeffrey Strickland acted as the hearing officer and issued a comprehensive administrative hearing recommendation dated September 25, 2008, which upheld the initial substantiation finding. The Commissioner of the Department of Health and Human Services adopted the hearing officer's findings and accepted his recommendation in a final decision of October 26, 2008. That decision was appealed to this court in a multi-count complaint. It was ordered that all counts would be resolved together following the submission of the record and briefs and after oral argument. The appeal is now ready for a decision.

The law surrounding "substantiation" is murky. One case, *Kane v. Commissioner of the Department of Health and Human Services*, 2008 ME 185, provides a significant degree of clarity but does not answer, with complete certainty, all the issues in this case.

The *Kane* case involved a foster parent who had been substantiated for neglect and abuse. In *Kane* there was explicit authority pursuant to 22 M.R.S.A. §4088 to investigate suspected "out-of-home abuse and neglect" and to state "in the investigative report whether the allegations of out-of-home abuse or neglect have been substantiated." See 22 M.R.S.A. §4088(3)(K). This case, however, involves a mother, her own children and her own home and there is no direct legislative authority to conduct a substantiation investigation or make such a finding. The State, however, has convinced me that a combination of 22 M.R.S.A. §§4004(2), 4008(5) and 4008-A and a variety of

2

federal statutes grant the State the implied authority to conduct investigations and make substantiation findings. This lack of explicit direction is troublesome as there is insufficient guidance as to what the standards are and when a parent can be substantiated, given the potentially severe employment related consequences for the substantiated parent.

The State has made a straightforward argument. It argues that "Abuse and neglect" is defined at 22 M.R.S.A. §4002(1) as follows:

> "Abuse or neglect" means a threat to a child's health or welfare by physical, mental or emotional injury or impairment, sexual abuse or exploitation, deprivation of essential needs or lack of protection from these or failure to ensure compliance with school attendance requirements under Title 20-A, section 3272, subsection 2, paragraph B or section 5051-A, subsection 1, paragraph C, by a person responsible for the child.

The State argues that Ms. Moss permitted a threat to her children's health or welfare to exist because of the potential that Mr. Oakes would sexually abuse or exploit one or more of her children.

There are important facts to consider about both Ms. Moss and Mr. Oakes and their former relationship. Ms. Moss only gradually learned the nature of Mr. Oakes' convictions and his probation restrictions. She unwisely continued the relationship for a time after she learned enough about Mr. Oakes to know that he should not be living with her family. The relationship ended at her direction, Mr. Oakes was returned to prison for violating his probation by being with the children, the relationship has not resumed, Ms. Moss has learned much from this experience, the children were fortunately not harmed and are not in jeopardy.

Mr. Oakes was never convicted of engaging in any sexual act, sexual contact or any sexual touching of any child. He was convicted of possessing a substantial quantity of child pornography. He posed a danger to children in a more nuanced manner. Was

3

Mr. Oakes a person who stopped at viewing child pornography, which is harmful in itself, because the market for such vile images produces more victims as more video and photos are produced to meet an apparently insatiable demand, or would he seek to either produce child pornography or participate in sexual activity with children. The State in its investigation determined that "allegations of sexual abuse ... by ... David Oakes ... are indicated of low severity." Or as the State's investigator stated in response to the question, T. 59, "You indicate Mr. Oakes, correct as being a low level threat (to) the children? Correct." However, allegations of neglect by the mother according to the January 22, 2008 notice of substantiation "are substantiated of high severity." An "indication" is a finding that is kept entirely private while a "substantiation" can become public. See *Kane* at ¶1.

Initially these determinations appear to be illogical but they become understandable. The indication of low severity applies to the risk that actual abuse will occur. The substantiation of high severity has to refer to the level of abuse if it occurs. Essentially, we have a low risk of severe abuse.

In *Kane* the Law Court, at ¶21, examined the hypothetical case where a child was removed from a parent because the child is in jeopardy. "'Jeopardy to health and welfare' or 'jeopardy' means serious abuse or neglect, as evidenced, by A Serious harm or threat of serious harm." See 22 M.R.S.A. §4002(6)(A). "Serious harm" in turn includes "sexual abuse or exploitation." 22 M.R.S.A. §4002(10)(C). That analyses focuses on the level of the harm more than the level of the threat.

There are also a series of Department policy manual provisions, which may not have been adopted as rules, governing substantiation. Those provisions from 2005, see *Kane* at ¶25, focused on whether the parent is likely to cause high severity child abuse and neglect. The Law Court noted, also in 25, that the policy manual was replaced with

4

a new definition effective October 1, 2008 of "substantiated" which focuses on whether the abuse or neglect was of high severity.

The Law Court continued at ¶26 of *Kane* by stating that "substantiating an allegation of 'abuse or neglect' therefore requires application of a heightened standard of proof as to what abuse or neglect will support a substantiated finding." The Law Court had also stated that, "'abuse or neglect' means, for purposes of section 4088(3)(K), something more than imperfect, overly rigid, or even deficient parenting." *Kane* at ¶24. Exactly what was required was less clear.

Fortunately in this case there was no sexual abuse or exploitation. Had any form of sexual abuse or exploitation occurred it would, of course, be high severity child abuse and neglect. Under the 2005 manual Ms. Moss did not cause high severity child abuse and was not personally likely to. While there appears to have been a possibility of sexual abuse or exploitation by Mr. Oakes such results were not likely. If the 2008 manual was used for guidance in interpreting these statutes then the substantiation finding must be vacated, as there was no abuse or neglect.

I interpret the Law Court opinion, particularly in a case involving a parent, to require more than a minimal risk, even of a significant harm, before a person can be substantiated and potentially be prohibited from her chosen employment. While the magnitude of the potential harm is of great consequence, the likelihood of the harm cannot be ignored.

The entry is:

Final decision of October 26, 2008 is reversed.

Dated:      May 1, 2009

Paul A. Fritzsche
Justice, Superior Court

PLAINTIFF — ELIZABETH HOAG, ESQ
            PINE TREE LEGAL ASSISTANCE, INC.
            PO BOX 547; PORTLAND ME 04112
DEFENDANT — JAMES FORTIN AAG
            OFFICE OF THE ATTORNEY GENERAL
            6 STATE HOUSE STATION; AUGUSTA ME 04333-0006